IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20358
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY WAYNE GORDON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CR-H-88-360)
_____

November 22, 1995
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gordon filed a motion to modify his prison term under 18 U.S.C. § 3582(c)(2). The district court entered a one-sentence order denying the motion to modify on April 20, 1995.

Gordon's motion to modify his sentence was based on the 1993 amendment to U.S.S.G. § 2D1.1. Gordon argued that the amendment provided that certain materials produced in the manufacturing

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

process could not be considered in determining the amount of controlled substances involved in the offense. Gordon asserted that removing these materials would have resulted in an amount of methamphetamine that was less than two pounds.

Gordon's calculations are based on a fundamental misunderstanding of the DEA report. The report gives the strength of three samples of the oil in terms of milligrams of HCL salt (usable methamphetamine) per milliliter of oil. For example, exhibit 2 had 103 mg of HCL salt per ml of oil. Gordon misread this to mean that exhibit 2 contained only 10.3 percent HCL salt by weight. Additionally, the HCL salts weight given in the report (69.7 grams) does not represent the entire 50 liters of methamphetamine oil seized, but only represents the HCL salts present in the tested samples. Only 44.8 milliliters were tested, less than 1/1000th of the seized quantity of oil. The DEA reported that their chemist concluded that the oil would yield between 25 and 30 pounds of usable methamphetamine. The PSR calculated the base offense level as 36 based on the weight of 50 liters of the oil. The PSR also calculated an alternate base offense level of 34 based on the weight of the usable methamphetamine derived from the oil (30 pounds).

In any event, the district court sentenced Gordon using the base offense level of 34 based on the usable product alone. The district court imposed a sentence of 121 months, which is the bottom of the range for offense level 32 and criminal history

category I. Therefore, Gordon was originally sentenced based on only the usable amount of methamphetamine (as in the amended guidelines), not on the total weight of the oil. The district court did not abuse its discretion in denying the motion to reduce Gordon's sentence pursuant to 18 U.S.C. § 3582(c)(2) because no additional reduction was warranted under the amended guidelines.

A F F I R M E D.